HEARD NOVEMBER TERM, 1877.

## SHAW *vs.* CUNNINGHAM.

The Supreme Court has jurisdiction, on the hearing of an appeal in a case transferred from the Probate to the Circuit Court, to order an issue to be made up to determine a question of fact by the verdict of a jury.

BEFORE CARPENTER, J., AT KERSHAW, AUGUST TERM, 1876.

This was an action brought in the Probate Court for Kershaw County by Mary E. Shaw against Rebecca M. Cunningham and others for partition of lands. The action was transferred by consent to the Circuit Court, in which a decree was rendered and an appeal therefrom taken.

The case is fully stated in the opinion of the Court.

*Kershaw*, for appellant.

*DePass*, contra.

March 1, 1878. The opinion of the Court was delivered by

McIVER, A. J. This case was originally commenced in the Court of Probate for the purpose of having a certain tract of land

in Kershaw County, known as "Buck Hill," claimed to have been the property of plaintiff's intestate, sold, and the proceeds applied to the payment of the debts of said intestate. The defendants, who were in possession of the land, having denied the title of James G. Jones, the case was transferred to the Court of Common Pleas, where "the issues of law and fact were submitted by consent of all parties to the Court," though the counsel for the defendants did afterwards contend "that the case, as developed by the testimony, was one that rendered it proper to submit to a jury to determine whether or not the alleged deed from A. D. Jones, Sr., had ever, in fact, been delivered so as to take effect as a deed, and the Court was asked to submit that issue to a jury." This request, however, seems to have been refused. One of the main issues in this case, which, indeed, may prove decisive of it, was as to the delivery of a certain paper, purporting to be a deed from A. D. Jones, Sr., the ancestor of the defendants, to James G. Jones, the plaintiff's intestate, for the land in question. The Circuit Judge has, without entering into any discussion of the testimony, or giving any reasons in support of his conclusion, determined this issue in favor of the plaintiff upon evidence which we must regard as insufficient. But as this issue must undergo another trial we are not disposed to prejudice either party by entering upon any discussion of the testimony; for while we will not undertake to say that the decision of the Circuit Judge was so manifestly erroneous as to warrant us in reversing his decision, yet, as we are not satisfied of the sufficiency of the evidence adduced to support his conclusion, we desire to have the benefit of the verdict of a jury. An issue must therefore be ordered to try the question as to the delivery of the deed.

It was at one time doubted whether this Court, in a case like the present, had the power to order such an issue; but an examination of the authorities leaves us without doubt on this point. In the case of *Sullivan* vs. *Thomas,* (3 S. C., 545,) where the powers of the present Supreme Court, as conferred by the Constitution of 1868, "in cases of chancery" were discussed and defined, the following language is used: "The jurisdiction and powers of this Court are as full as those of the late Court of Appeals and Court of Errors as it regards cases of chancery." Hence, if it can be made to appear that the power in question was possessed by the late Court of Appeals, all doubt must be removed. In *Sinclair and Kiddle* vs. *Administrators of Price,* (1 Hill Ch., 431,) the ques-

tion was directly presented and distinctly decided in favor of such power. O'Neall, J., in delivering the opinion of the Court, after declaring that such power had been constantly exercised ever since the case of *Taylor* vs. *Mayrant*, (4 DeS., 505,) uses this language : " If we do not perceive manifest error in the Chancellor's judgment upon the facts, we may be justified in solving our doubts by the *arbitrio boni viri;* but if we do perceive error and yet are not satisfied to say that the Chancellor's decision is so manifestly wrong that we will reverse his decree, we surely have the right to inform our consciences by the verdict of a jury before we give a final judgment in the place of the Chancellor." This power is recognized by Wardlaw, Ch., in *Thomasson* vs. *Kennedy*, (3 Rich. Eq., 448,) and was acted upon by the late Court of Appeals in equity in *Gibbs* vs. *Holmes*, (10 Rich. Eq., 484,) and was again expressly recognized by this Court in *Leaphart* vs. *Leaphart*, (1 S. C., 208.)

It is, therefore, ordered that the judgment of the Circuit Court be set aside and that this case be remanded to the Circuit Court for Kershaw County in order that an issue may be framed and submitted to a jury to try the question as to the delivery of the paper purporting to be a deed conveying the land in question from A. D. Jones, Sr., to James G. Jones, and that all motions or questions arising upon the verdict be originally heard in the Circuit Court.

*Willard*, C. J., and *Haskell*, A. J., concurred.